JOHN DE MELLO, JR. *v.* LEONARD K. FONG,
AUDITOR OF THE CITY AND COUNTY
OF HONOLULU.

No. 2627.

SUBMITTED DECEMBER 18, 1946.      DECIDED DECEMBER 30, 1946.

KEMP, C. J., LE BARON, J. AND CIRCUIT JUDGE CASSIDY
IN PLACE OF PETERS, J., ABSENT.

*Per Curiam.* This is a petition for rehearing. The opinion to which the petition refers is reported *ante* on page 415. The petition urges two main grounds.

The first ground is that the court failed to consider the cases of *Prentiss* v. *Atlantic Coast Line Company*, 211 U. S. 210, *Ex Parte Bakelite Corporation*, 279 U. S. 438, *Internal Revenue* v. *Liberty Bank*, 59 F. (2d) 320, *Guthrie National Bank* v. *Guthrie*, 173 U. S. 528, and *Pope* v. *United States*, 323 U. S. 1. This is utterly without basis as the court did consider the latter two cases and the others, even though neither cited nor urged by counsel in the briefs and oral argument, upon being scanned are found not to be in point.

The other ground relates to the time Act 46 was passed and concerns a controversy then existing over the claimed obligation of the city to pay petitioner unliquidated damages for tortious acts of its agency or, in other words, a dispute then existing over facts out of which such obligation is alleged to have arisen. The substance thereof having been presented by the answering brief as well as oral argument and covered in the court's opinion, the ground need not be considered. Suffice it to say by way

of amplification that the claim, set forth in the alternative writ, portrayed when presented to the legislature the mere contention of the petitioner and evidenced in itself by its tortious nature and unliquidated state that it involved at the time a controversy as a matter of law, there being nothing to the contrary and the claim on its face being a common-law one pertaining to legal interests of petitioner adverse to those of the city. The disposition of the claim was an appropriate matter for exercise of judicial power, provided the government had properly given consent to being sued thereon. Unquestionably such consent had been then so given by statute authorizing suit in a competent court of law wherein determination of petitioner's claim would be purely judicial and neither advisory nor executive, the legislature in effect placing all such claims in the cognizance and jurisdiction of the courts and contemplating their enforcement by law action brought in the usual manner and invoking to the fullest extent the judicial power of the Territory. The claim of the petitioner thus not only involved a controversy but also constituted a claim upon which judicial power was fully capable of acting. Therefore, within the principles enunciated by this court in its opinion, it was not a matter for legislative adjudication to determine liability and fix the amount justly due thereunder.

The petition for rehearing is denied without argument.